

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2003

# USA v. Arroyo-Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Arroyo-Cruz" (2003). *2003 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2268

UNITED STATES OF AMERICA

v.

PRUDENCIO ARROYO-CRUZ,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 03-cr-00168
District Judge:  The Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2003

Before: RENDELL, BARRY, and MAGILL,[*] Circuit Judges

(Opinion Filed: December 9, 2003)

OPINION

---

[*] The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

BARRY, Circuit Judge

On September 17, 2002, Prudencio Arroyo-Cruz was sentenced to eight months of imprisonment and two years of supervised release by the U.S. District Court for the Middle District of Pennsylvania after his conviction for escape, in violation of 18 U.S.C. § 751, and theft of government property, in violation of 18 U.S.C. § 641. Arroyo-Cruz was released from custody on December 6, 2002, and began serving his term of supervised release. On March 24, 2003, the Probation Department filed a Petition for Warrant or Summons Under Supervision against him. The petition alleged that he committed the following four violations of his supervised release: (1) he was arrested on January 30, 2003 and charged with sexual assault and endangering the welfare of a child; (2) he failed to notify his probation officer within 72 hours of being arrested on the new charges; (3) he failed to submit to drug treatment as ordered; and (4) he tested positive three times for heroin and cocaine, and one time for PCP. A violation hearing was held and Arroyo-Cruz pled guilty to three Grade C violations – Violation Numbers 2, 3, and 4. The District Court revoked his term of supervised release and sentenced him to eighteen months' incarceration, which exceeded the Guidelines' policy statement range of five to eleven months. No additional term of supervised release to be served upon his release from imprisonment was imposed.

A timely notice of appeal was filed. Defense counsel subsequently filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw from the

2

case because there were no non-frivolous issues for appeal. Arroyo-Cruz, for his part, has filed a *pro se* Informal Brief, in which he contends that although he only pled guilty to the Grade C violations alleged in Violation Numbers 2, 3, and 4, the District Court improperly sentenced him for the Grade A violation alleged in Violation Number 1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3583(e), and appellate jurisdiction is proper in this Court under 28 U.S.C. § 1291. After careful review, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

Under Anders, if defense counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel's request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. When an Anders brief is submitted, we must inquire: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). Defense counsel's obligations "when preparing an Anders brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." Id. If the court finds that the appeal is wholly frivolous, "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points

3

arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, 386 U.S. at 744.

Here, defense counsel's brief addressed in detail the violation hearing, at which Arroyo-Cruz pled guilty to Grade C violations, as well as his sentencing by the District Court. We are satisfied that counsel thoroughly examined the record and explained why any issue would be frivolous. The plea colloquy reveals that before the District Court accepted the guilty plea, Arroyo-Cruz understood his constitutional rights, the nature of the charges against him, the terms of the plea agreement, and that he faced a statutory maximum sentence of 24 months' imprisonment. Specifically, the District Court advised him that it was not bound by the Guidelines, which recommended a sentence between five and eleven months for a Grade C violation.[1] The Court also established the factual basis for the plea. Thus, the record demonstrates that Arroyo-Cruz knowingly and voluntarily entered a plea of guilty, and the Court did not err in accepting the plea.

Nor did the District Court err in imposing the sentence it did. By sentencing Arroyo-Cruz to eighteen months of imprisonment, the District Court exceeded the five to

---

[1]The transcript reflects the following colloquy:

> COURT: So, by pleading guilty, you're taking a risk that your sentence will not be within the five to 11 month suggested range, but that it could be greater than 11 months all the way up to 24 months. Do you understand that?
>
> DEFENDANT: Yes, sir. (App. at 26-27.)

4

eleven month range of U.S.S.G. § 7B1.4(a) because: (1) although Arroyo-Cruz received leniency from the sentencing judge on the original offense, he had failed to rehabilitate himself; and (2) he "made no attempt whatsoever" to comply with the terms of his supervised release. (App. at 52-53.)

The District Court acted well within its discretion. The range set forth in U.S.S.G. § 7B1.4 is merely advisory. Schwegel, 126 F.3d at 552. Moreover, the transcript reflects that the District Court carefully examined Arroyo-Cruz's past and imposed a sentence that would both punish and rehabilitate him; indeed, the Court could have, but did not, sentence him up to the statutory maximum of 24 months.

Arroyo-Cruz argues in his Informal Brief that even though the plea agreement provided for the dismissal of his Grade A violation in return for his admission of guilt to the Grade C violations, the District Court improperly sentenced him for the Grade A violation. We disagree. At sentencing, the District Court clearly stated that it was focusing on Violations Numbers 2, 3, and 4, which were Grade C violations. (App. at 41.)

There are no non-frivolous issues that have been identified or presented for appeal. Accordingly, we will grant defense counsel's request to withdraw and will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge